UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI BUFFA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-5832-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On July 31, 2014, Toni Buffa ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on December 23, 2014. On March 23, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 44-year-old male who applied for Social Security Disability Insurance benefits on April 21, 2011 and Supplemental Security Income benefits on May 6, 2011, alleging disability beginning December 31, 2008. (AR 12.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 31, 2008, the alleged onset date.[1] (AR 16.)

Plaintiff's claims were denied initially on August 30, 2011 and on reconsideration on May 15, 2012. (AR 12.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir III on December 20, 2012 in Los Angeles, California. (AR 12.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 12.) Vocational Expert ("VA") Susan D. Green also appeared and testified at the hearing. (AR 12.)

The ALJ issued an unfavorable decision on March 6, 2013. (AR 12-20.) The Appeals Council denied review on May 21, 2014. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly determined Claimant had no severe impairments.
2. Whether the ALJ properly considered treating source evidence.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] The Claimant is insured for disability benefits under Title II of the Act through September 30, 2015. (AR 12.)

2

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

3

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 31, 2008, the alleged onset date. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable impairments: bipolar disorder, cannabis abuse, mild left shoulder deformity and history of right shoulder surgery (20 C.F.R. §§ 404.1521 *et seq.* and 416.921 *et seq.*). (AR 16.) The ALJ, however, determined that Plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, Claimant does not have a severe impairment or combination of impairments (20 C.F.R. §§ 404.1521 *et seq.* and 416.921 *et seq.*). (AR 16-20.) In making this finding, the ALJ also made an adverse credibility determination. (AR 18.) Significantly, Plaintiff does not challenge the ALJ's finding.

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. (AR 20.)

**DISCUSSION**

The ALJ's step two decision that Plaintiff does not have a severe impairment is supported by substantial evidence and must be affirmed.

**A.      Relevant Federal Law**

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen v. Yuckert, 482 U.S. at 140-41. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two. Webb, 433 F.3d at 687 (adopting SSR 85-28).

### B. The ALJ's Adverse Credibility Determination Is Unchallenged

The ALJ determined that Plaintiff has the medically determinable impairments of bipolar disorder, cannabis abuse, mild left shoulder deformity and history of right shoulder surgery. (AR 16.) The ALJ determined that all of these impairments are nonsevere. Plaintiff challenges the ALJ's nonseverity determination only as to the bipolar disorder. The ALJ's nonseverity determination is based on an adverse credibility finding (AR 18) and the medical evidence. Unless there is evidence of malingering, the ALJ can reject a claimant's subjective symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84. The ALJ did so.

Plaintiff is an artist and worked as a scenic painter on movies. (AR 17.) He claims he is unable to work because he falls apart, loses motivation, isolates from others, has difficulty concentrating and has mood swings, hallucinations and delusions. (AR 17.) The ALJ, however, presented numerous reasons that undermine the credibility of Plaintiff's subjective symptom allegations. First, the ALJ notes that Plaintiff's assertions of a severe bipolar disorder is inconsistent with the medical evidence. An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the

6

ALJ relied on the April 26, 2009 opinion of consulting psychiatric examiner, Dr. Norma Aguilar. (AR 17.) Dr. Aguilar opined that the claimant had no limitations in performing simple and detailed instructions, interacting appropriately with the public, co-workers and supervisors, comply with job rules, responding to changes in the work setting and performing daily activities. (AR 18.) Based on Dr. Aguilar's opinion and other evidence of record, the ALJ concluded Plaintiff had no limitations in activities of daily living, social functioning or concentration, persistence and pace. (AR 19.) The ALJ also observed that the record does not document any episode of decompensation and Claimant has not been psychiatrically hospitalized. (AR 19-20.) Claimant has had no episodes of psychotic breaks, nervous breakdowns, 5150 episodes or other episodes of severely disorganized behavior. (AR 20.) Plaintiff never discusses the 2009 opinion of Dr. Aguilar, relying solely on the opinion of Dr. Kwang S. Park discounted by the ALJ as discussed below.

Second, Claimant has had a long work history with limited earnings from multiple jobs not sufficient to constitute substantial gainful activity (AR 16) but sufficient to collect unemployment benefits. (AR 18.) Plaintiff even admitted he only works to keep from becoming homeless. (AR 18.) These activities, which are significant evidence that Plaintiff's impairments do not prevent him working, undermine his credibility. Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (receiving unemployment benefits mean Claimant considered himself capable of work and holding himself out as available to work); Schmidt v. Barnhart, 395 F.3d 737, 745 (7th Cir. 2005) (same).

The ALJ also found that Plaintiff's activities of daily living are inconsistent with disabling limitations (AR 18, 19), which is a legitimate consideration in evaluating credibility. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ found that Plaintiff has lived alone for many years and is able to manage his activities of daily living without limitation. (AR 18, 19.) He takes graphic design classes in college and sometimes spends all day on the computer. (AR 18.)

The ALJ found numerous inconsistencies between Plaintiff's subjective symptom allegations and his other statements and conduct. An ALJ may consider such inconsistencies in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Here, the ALJ found Claimant's testimony about his hallucinations inconsistent, noting he testified he had not had any in a year but later testified he sees dark spirits. (AR 18.) He also denied recent marijuana use but the medical evidence of record indicates otherwise. (AR 18.) Contrary to the Claimant's reported limitations with social functioning, he takes classes, goes out every day, drives, rides a bicycle, takes the bus, goes to the gym, goes to church and socializes with friends. (AR 18, 19.)

Plaintiff does not challenge the ALJ's adverse credibility determination or address any of the evidence cited by the ALJ in support of that determination. The ALJ properly discounted Claimant's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

### C. The ALJ Properly Discounted Dr. Park's Opinion For Specific Legitimate Reasons

Plaintiff contends that the ALJ improperly rejected the opinion of his treating physician, Dr. Kwang Park of Hollywood Mental Health. The Court disagrees.

#### 1. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the

issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff relies almost entirely on the opinion of Dr. Kwang Park for his disability claim. On November 21, 2012 Dr. Park signed a medical source statement that indicates the Claimant has numerous psychiatric signs and symptoms with marked restrictions of activities of daily living, extreme difficulty in maintaining social functioning,

extreme deficiencies in concentration and marked episodes of deterioration. (AR 19, 615-623.) The ALJ, however, gave Dr. Park's questionnaire little weight. (AR 19.)

To begin, dependent as it plainly is on Plaintiff's own statements, Dr. Park's opinion is undermined by Plaintiff's lack of credibility as found by the ALJ. (AR 18, 19.) An ALJ properly may disregard a medical opinion based to a large extent on a claimant's self-reports that have been discredited. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas, 278 F.3d at 957; Morgan, 169 F.3d at 602.

The ALJ also found that treatment notes do not support the extent of the limitations noted by Dr. Park. An ALJ may reject a physician's opinion that is not supported by his or her treatment notes. Batson, 359 F.3d at 1195 n.3; Bayliss, 427 F.3d at 1216.

The ALJ further found that Claimant's activities contradict the limitations listed because he lives alone, attends college classes, goes out every day, socializes with friends, goes to the gym, takes public transportation, looks for work and works when he wants. (AR 19.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

The ALJ next found Plaintiff received limited treatment and was not compliant with treatment. (AR 19.) Plaintiff cannot obtain benefits if he or she fails to follow prescribed treatment that would enable him or her to work. 20 C.F.R. § 416.930; see also Tommasetti, 533 F.3d at 1039 (failure to follow a prescribed course of treatment is a valid basis for discounting credibility).

The ALJ also noted that Dr. Park's questionnaire does not consider Claimant's cannabis abuse. (AR 19.) The failure to consider Plaintiff's cannabis use is important because there is medical evidence in the record that Plaintiff's bipolar disorder is drug-induced and without drugs not severe. He also found that the signature portion of the form does not match the handwriting in the body of the form. (AR 19.)

These are specific, legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. Park. Without Dr. Park's opinion, the ALJ's conclusion that Plaintiff's mental impairment is not severe is supported by substantial evidence, most notably Dr. Aguilar's RFC assessment and the ALJ's adverse credibility determination.[2] Plaintiff disagrees with the ALJ's interpretation of the evidence but it is the ALJ's responsibility to resolve conflicts in the evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 31, 2015  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff makes a generalized argument that the ALJ has a duty to fully develop the record, especially so when evaluating mental illness. The ALJ's duty to further develop the record, however, is triggered only when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record before the ALJ is neither ambiguous or inadequate.
  Plaintiff also makes a generalized assertion that he meets Listing 12.04 but, with the ALJ's determination that Plaintiff's 'mental impairment is not severe, the case never reaches the step three Listing issue. With the rejection of Dr. Park's opinion, there is no evidence that Plaintiff meets or equals a listing.

11